# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CHELSEA ARIAS, o/b/o L.R.A., a minor, )
                             Plaintiff, )   Case No. 16-CV-238-JED-PJC
v. )
NANCY A. BERRYHILL, )
Acting Commissioner of the Social )
Security Administration, )
                            Defendant. )

## **OPINION AND ORDER**

**I.    Background**

Before the Court is the Report & Recommendation ("R&R") (Doc. 14) of United States Magistrate Judge Paul J. Cleary on review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying L.R.A., a minor, disability benefits. Judge Cleary recommends that the Court affirm the Commissioner's decision finding plaintiff not disabled. Plaintiff filed a timely Objection to the R&R in which she requests that the Court reject the R&R and remand for further administrative proceedings. (Doc. 15). Reviewing the Objection de novo, the Court has considered the Administrative Record (Doc. 9) ("Record"), the parties' briefs, the R&R, Plaintiff's Objection, and Defendant's Response (Doc. 16), and concludes that the Commissioner's determination should be affirmed and the R&R should be accepted.

Judge Cleary accurately summarized the background of Plaintiff's disability claim and the decision of the Administrative Law Judge ("ALJ") (Doc. 14 at 4-9), and the Court adopts that summary. Plaintiff objects to the R&R, arguing that the ALJ erred in failing to find a marked limitation in the domains of "acquiring and using information" and "attending and completing tasks." (Doc. 15 at 1-2).

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Martinez v. Barnhart,* 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## III. Objection

### A. *Acquiring and Using Information*

In finding that L.R.A. has a less than marked limitation in the domain of acquiring and using information, the ALJ gave great weight to reports by the Disability Determination Services ("DDS") expert, L.R.A.'s preschool teacher, and the psychologist who performed a psychological evaluation of L.R.A. (R. 20). Specifically, the DDS expert concluded that L.R.A. has a less than marked limitation in this domain (R. 70); the child's preschool teacher did not rate any activity in this domain as a serious or very serious problem (R. 316); and the psychological evaluation stated that L.R.A. has only "mild difficulty with fluid reasoning" (R. 362) and that her "overall

intellectual abilities fell within the Average range" (R. 358). Also, as noted by the ALJ, language testing showed that L.R.A. has a normal listening index score, normal speaking index score, and normal composite spoken language index score. (Rec. 303).

Plaintiff insists that the ALJ should have found a marked limitation in this domain based on subsets of the IQ evaluation conducted by the psychologist. (Doc. 15 at 1). Under 20 C.F.R. § 416.926a(e)(2)(iii), testing indicates a "marked limitation" when the test score is "two standard deviations or more below the mean, but less than three standard deviations." Defendant notes in her brief that for the purposes of psychological testing, the mean score is 100 and each standard deviation is 15. (Doc. 16 at 2). *See also McManus v. Neal*, 779 F.3d 634, 650 (7th Cir. 2015) ("For most IQ tests the mean is 100 [and] the standard deviation is 15 . . . ."). Thus, two standard deviations below the mean would be a score of 70. Though L.R.A. clearly obtained a higher score on some parts of the IQ test than others, none of her subtest scores fell below 70, and her full-scale score was 90. (Rec. 358). Furthermore, as discussed above, the psychologist's conclusions that L.R.A. had only a "mild difficulty with fluid reasoning" and that her "overall intellectual abilities fell within the Average range" support the ALJ's determination that L.R.A. does not have a marked limitation in the domain of acquiring and using information.

Plaintiff also suggests the ALJ erred in finding no marked limitation because L.R.A.'s preschool teacher rated her ability to learn new material, recall and apply previously learned material, and apply problem-solving skills as "obvious problems." (Doc. 15 at 1). The Court notes, however, that an "obvious problem" rating is in the middle of the given range—a 3 out of 5, with 1 being "no problem" and 5 being "a very serious problem." (R. 316). This suggests that such a rating is evidence of a moderate limitation, as opposed to a marked limitation. Even if it is viewed

3

as evidence of a marked limitation, the psychologist's evaluation and the DDS report still serve as substantial evidence to support the ALJ's determination of no marked limitation.

Plaintiff also points to Ms. Aletha Shrum's assessment as evidence of L.R.A.'s difficulties within this domain. (Doc. 15 at 2). Ms. Shrum, an occupational therapist, rated L.R.A. as having a marked limitation in acquiring and using information. (R. 498). The ALJ gave this assessment little weight, in part because it "contrast[s] sharply with the other evidence of record, which renders it less persuasive." (R. 18). As stated above, this Court's role is not to reweigh the evidence. *See Martinez v. Barnhart,* 444 F.3d at 1204. Because the Court agrees with Judge Cleary's assessment that the ALJ's decision regarding this domain is supported by substantial evidence, the Court must affirm.

**B.** *Attending and Completing Tasks*

The Court also agrees with Judge Cleary's assessment that substantial evidence supports the ALJ's decision regarding the domain of attending and completing tasks. In finding that L.R.A. has less than a marked limitation in attending and completing tasks, the ALJ relied on the DDS report, the preschool teacher's report, the psychological evaluation, and statements by L.R.A.'s mother. (*Id.*). The DDS report rated L.R.A. as having a less than marked limitation in this domain (R. 71); the teacher did not rate any of the activities under this domain as a serious or very serious problem (R. 317); and the psychological evaluation stated that "no hyperactivity or impulsivity were noted" (R. 354). Furthermore, L.R.A.'s mother reported that L.R.A. "displays age-appropriate behavior and attention at home and school." (R. 354).

Plaintiff points to other evidence in the Record that may tend to support a different conclusion, including L.R.A.'s score on attention and memory on the Battelle Developmental Inventory (R. 323) and statements regarding the support needed by L.R.A. to keep up with her

class in school (R. 47-48). Yet, as Judge Cleary pointed out, Plaintiff "is simply asking the Court to re-weigh the evidence" and "[t]he Court cannot do so." (Doc. 14 at 16).

## IV.     Conclusion

Having found no reversible error in the ALJ's decision, upon concluding that the ALJ applied the correct legal standards and his decision is supported by substantial record evidence, and agreeing with Judge Cleary's R&R, the Court **overrules** plaintiff's Objection (Doc. 15). Accordingly, the Court **accepts** the R&R (Doc. 14) and the recommendation that the Commissioner's decision to deny L.R.A. disability benefits be affirmed. Accordingly, the Commissioner's decision is **affirmed**. A separate Judgment will be entered forthwith.

DATED this 29th day of November, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE